20010

Andrew J. JORDAN, Jr., Appellant, v. AETNA CASUALTY & SURETY COMPANY, Respondent

(214 S. E. (2d) 818)

*Joseph R. Young, Esq.,* of *Young, Clement & Rivers,* Charleston, *for Appellant,*

*J. W. Cabaniss, Esq.,* of *Grimball & Cabaniss,* Charleston, *for Respondent,*

May 12, 1975.

LITTLEJOHN, Justice:

The lower court ruled that the defendant, Aetna Casualty and Surety Company was not liable to pay its named insured for her injuries, growing out of an automobile colli-

sion, because of an exclusion in its policy. The plaintiff, Andrew J. Jordan, Jr., has appealed.

Peggy Hall, the named insured, procured a policy of liability insurance from Aetna. It was issued pursuant to the provisions of our Motor Vehicle Financial Responsibility Act, § 46-701 *et seq.,* Code of Laws of South Carolina (Cum. Supp. 1974). While the named insured was riding as a passenger in her own automobile, which was being driven by Jordan (appellant) with her permission, the vehicle collided with another automobile being driven by Jonathan Samuel, Jr. The named insured brought an action against both Samuel and Jordan. Samuel was an uninsured motorist; Jordan had liability insurance coverage of his own with Lumbermen's Mutual Casualty Company.

Aetna defended Samuel under the provisions of the uninsured motorist coverage of its policy issued to the named insured, Hall, but refused to defend on behalf of Jordan, the permissive driver, because of an exclusion in the policy which undertook to exclude coverage for bodily injury to the named insured. Jordan's own insurance carrier, Lumbermen's settled with Hall, and Aetna settled the uninsured motorist claim against Samuel.

This action was brought in the name of Jordan for the benefit of Lumbermen's to recover the amount paid to Hall in the settlement.

The lower court found that Aetna was not liable to pay Hall, its named insured, by reason of an exclusion in its policy. In this appeal Jordan submits that the holding of the lower court contravenes Code §§ 46-750.31 and 46-750.32. We agree.

In its policy Aetna undertakes to relieve itself of liability for injuries sustained by the named insured, Hall, by including in the policy a provision which reads as follows:

"This policy does not apply:

"(j) *to bodily injury to* (1) any person, if such person is related by blood, marriage or adoption to and is a resi-

dent of the same household as (i) the Insured or (ii) the person for whose use of the automobile or trailer the Insured is legally responsible, or (2) *the named Insured;*" (emphasis added)

Exclusions almost identical to this one have been upheld in other jurisdictions. In those jurisdictions such exclusions were held to be valid and binding unless there was a statutory provision prohibiting the exclusion. For an interesting discussion of the reasoning used to justify exclusions of this nature see the annotation in 46 A. L. R. (3d) 1061.

While parties are generally permitted to contract as they desire, freedom to contract is not absolute and coverage required by law may not be omitted. In *Boyd v. State Farm Mutual Automobile Insurance Co.,* 260 S. C. 316, 195 S. E. (2d) 706 (1973), this Court said: "It is settled law that statutory provisions relating to an insurance contract are part of the contract, and that a policy provision which contravenes an applicable statute is to that extent invalid."

Since Jordan was driving the insured vehicle with the permission of the named insured, he was covered by the policy. Section 46-750.31, defining who is "insured," reads in pertinent part as follows:

"(2) The term *'insured'* means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, *and any person who uses with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies* and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above." (Emphasis added.)

The following section of the Code forbids the issuance of a policy unless it provides coverage to "the persons defined as insured." It reads as follows:

"§ 46-750.32. Bodily injury and property damage limits required.—No policy or contract of bodily injury liability

insurance or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any motor vehicle, shall be issued or delivered in this State to the owner of such vehicle, or shall be issued or delivered by an insurer licensed in this State upon any motor vehicle then principally garaged or principally used in this State, *unless it contains a provision insuring the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicles. . . ."* (Emphasis added.)

The lower court held that the exclusion was a reasonable one and ruled that Aetna was not liable. Whether the exclusion is reasonable or not is for the legislature to determine, and we are of the opinion that the determination has been made contrary to the contention of Aetna in this case.

Reversed.

Moss, C. J., and LEWIS, BUSSEY and NESS, JJ., concur.