NATIONAL COUNTY MUTUAL FIRE IN-
SURANCE COMPANY and Consumers
County Mutual Insurance Company, Pe-
titioners,

v.

Randall JOHNSON, Respondent.

No. D–2560.

Supreme Court of Texas.

Oct. 27, 1993.

Julie Caruthers Parsley, H. Robert Powell, Austin, for petitioners.

Tom H. Davis, Mike Davis, Austin, for respondent.

## OPINION

HIGHTOWER, Justice.

This cause involves the validity of a family member exclusion in a Texas automobile liability policy. Randall Johnson filed a declaratory judgment to determine his rights under an automobile policy containing a family member exclusion. The issuer of the policy, National County Mutual Fire Insurance Company (National County), counterclaimed. The trial court held the family member exclusion invalid. The court of appeals affirmed. 829 S.W.2d 322. For the reasons explained herein, we affirm the judgment of the court of appeals.

While driving his truck, Johnson collided with another automobile. Johnson's wife, a passenger in the truck, was injured in the collision and later brought suit against her husband seeking compensation for her injuries. Johnson requested that National County unconditionally defend him in the suit and National County refused. Instead, National County contended that the family member exclusion [1] in the policy precluded coverage for the claim by Johnson's wife and offered to defend Johnson subject to a reservation of its rights to deny coverage and payment of any judgment rendered against him. Johnson filed a declaratory judgment to determine his rights under the policy and National County filed a counterclaim for declaratory relief asking the court to determine the validity of family member exclusion.

The trial court rendered judgment for Johnson holding the family member exclusion invalid and National County liable for Johnson's defense and coverage under the policy. The trial court found the family member exclusion 1) conflicts with the Texas Motor Vehicle Safety–Responsibility Act, 2)

---

1. The exclusion is known as "Endorsement 575" and provides "We do not provide Liability Cover- age for you or any **family member** for bodily injury to you or any **family member**."

has no rational justification supporting its adoption by the State Board of Insurance, 3) contravenes the public policy of the state and, 4) fails to serve the interests of the people of Texas. The court of appeals affirmed the trial court's decision holding that the family member exclusion violated the Safety–Responsibility Act's mandate requiring liability insurance for "all sums which the insured shall become legally obligated to pay."

## I.

■ National County argues that the family member exclusion is a valid exclusion which is consistent with the public policy underlying the Texas Motor Vehicle Safety–Responsibility Act. We disagree.

The Texas Motor Vehicle Safety–Responsibility Act (the Act) originated in 1951 and was enacted for the benefit of "all citizens of this state." Acts 1951, 52 Leg. p. 1227, ch. 498. Amendments to the Act in 1982 effectively mandate automobile liability insurance by requiring "[p]roof of ability to respond in damages for liability, on account of accidents ... arising out of the ownership, maintenance or use of a motor vehicle." TEX.REV. CIV.STAT.ANN. art. 6701h § 1(10) (Vernon Supp.1993).[2] In addition, the statute requires that

> no motor vehicle may be operated in this State unless a policy of automobile liability insurance in at least the minimum amounts to provide evidence of financial responsibility under this Act is in effect *to insure against potential losses which may arise out of the operation of the vehicle.*

*Id.* § 1A(a) (emphasis added). This section of the Act makes it clear that the legislature's purpose in amending the Act was to protect claimants from losses by requiring all drivers to be responsible for damages arising out of their use of an automobile.[3]

This court has recognized that the public policy behind the Texas Motor Vehicle Safety–Responsibility Act is to protect all potential claimants from damages resulting from automobile accidents.

> There is no question in our minds that the compulsory insurance requirement of the Texas motor vehicle safety law implies that all potential claimants for damages resulting from automobile accidents are intended as beneficiaries of the statutorily required automobile liability coverage. *See* the Texas Motor Vehicle Safety–Responsibility Act, TEX.REV.CIV.STAT.ANN. art. 6701h, §§ 1(10).1A.2(b), 5 and 32(f) (setting out the definitions and mandatory minimum liability requirements for automobile insurance as well as the fines and penal sanctions for failure to have general automobile liability coverage.)

*Dairyland County Mut. Ins. v. Childress,* 650 S.W.2d 770, 775 (Tex.1983).

We must consider whether the family member exclusion is consistent with the legislative purpose of ensuring that every motor vehicle is covered by an automobile liability policy that will protect all claimants against losses which arise out of the operation of the vehicle. We hold that it is not.

---

**2.** Effective January 1, 1986, the statutorily required minimum liability amounts are "Twenty Thousand Dollars ($20,000) because of bodily injury to or death of one person in any one accident, and, subject to said limit for one person, Forty Thousand Dollars ($40,000) because of bodily injury to or death of two (2) or more persons in any one accident, and Fifteen Thousand Dollars ($15,000) because of injury to or destruction of property of others in any one accident." TEX.REV.CIV.STAT.ANN. art. 6701h § 1(10) (Vernon Supp.1993). A bond or deposit may be filed in lieu of carrying automobile liability insurance in certain limited instances. *See* TEX.REV.CIV.STAT.ANN. art. 6701h § 1A(b)(3), (6) (Vernon Supp.1993). Despite this exception, most vehicles meet the requirements of the Act by carrying the required automobile liability insurance.

**3.** Section 21(b) of the Act, which concerns proof of financial responsibility for the future, also requires liability insurance which will pay "all sums which the insured shall become legally obligated to pay as damages arising out of the ownership, maintenance or use of such motor vehicle." TEX.REV.CIV.STAT.ANN. art. 6701h § 21(b) (Vernon Supp.1993). Although not applicable in this case because the record fails to indicate that Johnson's policy was proof of financial responsibility for the "future," this section further demonstrates the Act's prevailing theme of protection of all claimants from those damages arising out of the use of a motor vehicle.

"When the Legislature specifies a particular extent of insurance coverage any attempt to void or narrow such coverage is improper and ineffective." *Unigard Security Ins. Co. v. Schaefer*, 572 S.W.2d 303, 307 (Tex.1978). Actions by the State Board of Insurance must be consistent with, and in furtherance of, expressed statutory purposes. If the Board approves a clause which conflicts with the statute, the Board's approval is ineffective. *American Liberty Ins. Co. v. Ranzau*, 481 S.W.2d 793, 797 (Tex.1972); *see also Railroad Comm'n v. Lone Star Gas Co.*, 844 S.W.2d 679 (Tex.1992); *Gerst v. Oak Cliff Savings & Loan Ass'n*, 432 S.W.2d 702, 706 (Tex.1968) (the provisions of an agency's rules must be in harmony with the general provisions of the Act involved). Here, the Board's approval of the family member exclusion[4] results in a situation in which a claimant for damages resulting from an automobile accident is not allowed to recover damages under an automobile liability insurance policy that the legislature statutorily requires to protect such claimants from losses. The exclusion prevents a specific class of innocent victims, those persons related to and living with the negligent driver, from receiving financial protection under an insurance policy.[5] Such a result is clearly contrary to the express legislative mandate. The Board's action in approving a family member exclusion providing for such scenarios is inconsistent with the statutory purpose of the Act, and thus their approval of the exclusion is ineffective.[6]

The majority of jurisdictions with mandatory insurance laws hold family member exclusions invalid because they are contrary to public policy. *Arceneaux v. State Farm Mut. Auto. Ins. Co.*, 113 Ariz. 216, 550 P.2d 87 (1976); *Meyer v. State Farm Mut. Auto. Ins. Co.*, 689 P.2d 585 (Colo.1984); *State Farm Mut. Auto. Ins. Co. v. Wagamon*, 541 A.2d 557 (Del.1988); *Stepho v. Allstate Ins. Co.*, 259 Ga. 475, 383 S.E.2d 887 (1989); *Farmers Ins. Group v. Reed*, 109 Idaho 849, 712 P.2d 550 (1985); *DeWitt v. Young*, 229 Kan. 474, 625 P.2d 478 (1981); *Bishop v. Allstate Ins. Co.*, 623 S.W.2d 865 (Ky.1981); *State Farm Mut. Auto. Ins. Co. v. Nationwide Mut. Ins. Co.*, 307 Md. 631, 516 A.2d 586 (1986); *State Farm v. Sivey*, 404 Mich. 51, 272 N.W.2d 555 (1978); *Transamerica Ins. Co. v. Royle*, 202 Mont. 173, 656 P.2d 820 (1983); *Estate of Neal v. Farmers Ins. Exch.*, 93 Nev. 348, 566 P.2d 81 (1977); *Kish v. Motor Club of America Ins. Co.*, 108 N.J.Super. 405, 261 A.2d 662, *pet. denied*, 55 N.J. 595, 264 A.2d 68 (1970); *Estep v. State Farm Mut. Auto. Ins. Co.*, 103 N.M. 105, 703 P.2d 882 (1985); *Hughes v. State Farm Mut. Auto Ins. Co.*, 236 N.W.2d 870, 885 (N.D.1975); *State Farm Mut. Ins. Co. v. Schwartz*, 933 F.2d 848, 851–52 (10th Cir.1991) (interpreting Oklahoma law); *State Farm Fire & Casualty*

---

4. Apparently the purpose of the family member exclusion was to protect insurers from being victimized by fraudulent or collusive lawsuits between members of the same family. Annot., *Validity, Construction, and Application of Provision of Automobile Liability Policy Excluding from Coverage Injury or Death of Member of Family or Household of Insured*, 46 A.L.R.3d 1024, 1029–32 (1972). *See State Farm Mut. Auto. Ins. Co. v. Traycik*, 86 Mich.App. 285, 272 N.W.2d 629, 630 (1978). However, this court has rejected this argument. *Whitworth v. Bynum*, 699 S.W.2d 194, 197 (Tex.1985) ("We refuse to indulge in the assumption that close relatives will prevaricate so as to promote a spurious lawsuit.").

5. The family member exclusion creates an inequity by stripping family members of coverage under an automobile liability policy but allowing coverage for everyone else.

[T]here is something wanting in a system of justice which permits strangers, friends, relatives and emancipated children to recover for injuries suffered as a result of their driver's negligence but denies this right to the driver's spouse and minor children who are also passengers in the same vehicle.
*Immer v. Risko*, 56 N.J. 482, 267 A.2d 481, 488 (1970).

6. The dissent protests that the court abrogates a contractual provision of an insurance policy. However, this court and several courts of appeals have previously declared clauses or provisions in insurance policies invalid. *See Stracener v. United Serv. Auto. Ass'n*, 777 S.W.2d 378, 384 (Tex. 1989); *American Liberty Ins. Co. v. Ranzau*, 481 S.W.2d 793, 797 (Tex.1972); *Fontanez v. Texas Farm Bureau Ins. Companies*, 840 S.W.2d 647, 649–50 (Tex.App.—Tyler 1992, no writ); *Briones v. State Farm Mut. Auto. Ins. Co.*, 790 S.W.2d 70, 74 (Tex.App.—San Antonio 1990, writ denied); *Hamaker v. American States Ins. Co. of Texas*, 493 S.W.2d 893, 898 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). *See also Bowen v. Aetna Cas. and Sur. Co.*, 837 S.W.2d 99 (Tex. 1992).

**4**

*Co. v. Jones*, 306 Or. 415, 759 P.2d 271 (1988); *Jordan v. Aetna Cas. & Surety Co.*, 264 S.C. 294, 214 S.E.2d 818 (1975); *Cimarron Ins. Co. v. Croyle*, 479 N.W.2d 881 (S.D.1992); *State Farm Mut. Auto. Ins. Co. v. Mastbaum*, 748 P.2d 1042 (Utah 1987); *Mutual of Enumclaw Ins. Co. v. Wiscomb*, 97 Wash.2d 203, 643 P.2d 441 (1982); *Allstate Ins. Co. v. Wyoming Ins. Dep't*, 672 P.2d 810 (Wyo. 1983). *But see Cook v. Wausau Underwriters Ins. Co.*, 299 Ark. 520, 772 S.W.2d 614, 616 (1989) (mandatory insurance law specifically provided that it was not intended to affect the validity of any policy provisions, exclusions, exceptions of limitations); *Florida Farm v. Government Employees Ins. Co.*, 387 So.2d 932 (Fla.1980) (holding family exclusion clauses valid absent some explicit statutory prohibition); *Transamerica Ins. Co. v. Henry*, 563 N.E.2d 1265, 1266–67 (Ind. 1990) (upholding family exclusion and explaining that the legislature had not expressed an intent to void the exclusions by revising the statute); *Thompson v. Mississippi Farm Bureau Mut. Ins. Co.*, 602 So.2d 855, 857, 863 (Miss.1992) (majority opinion reaffirming previous decision upholding household exclusion; dissenting opinion arguing the exclusion is unenforceable because it violated the state's mandatory liability insurance statute).[7] Seven of those jurisdictions hold that the exclusion is only invalid up to the statutorily required minimum liability amounts and valid above those minimum amounts.[8] Two additional jurisdictions reach that same conclusion, but do so because of express language in their financial responsibility statutes which addresses coverage in excess of the statutorily required minimums.[9] Of the remaining jurisdictions which hold the exclusion invalid, six specifically refuse to limit recovery to the minimum amounts required by statute and instead allow recovery for the amounts of coverage provided by the policy.[10] Six more jurisdictions hold that family member exclusions are invalid but do not determine whether recovery is limited to the statutorily required minimum liability

**7.** The dissent overlooks the fact that of the 25 jurisdictions with mandatory automobile insurance laws which have considered the validity of family member exclusions, 21 jurisdictions found that family member exclusions are invalid because they are contrary to public policy.

**8.** *Arceneaux v. State Farm Mut. Auto. Ins. Co.*, 113 Ariz. 216, 550 P.2d 87, 89 (1976) (exclusionary clause is viable beyond the amounts required by statute); *DeWitt v. Young*, 229 Kan. 474, 625 P.2d 478 (1981) (household exclusion void only up to minimum coverage required by the statute); *Bishop v. Allstate Ins. Co.*, 623 S.W.2d 865 (Ky.1981) (language infers that exclusion is void only below minimum levels); *State Farm Mut. Auto. Ins. Co. v. Nationwide Mut. Ins. Co.*, 307 Md. 631, 516 A.2d 586 (1986) (provision invalid only if it excludes less than the prescribed statutory minimal liability required by law); *State Farm Mut. Auto. Ins. Co. v. Mastbaum*, 748 P.2d 1042 (Utah 1987) (exclusion void only up to statutory minimums); *Allstate Ins. Co. v. Wyoming Ins. Dep't*, 672 P.2d 810 (Wyo.1983) (family member exclusion void to the extent of minimum security required); *Stepho v. Allstate Ins. Co.*, 259 Ga. 475, 383 S.E.2d 887 (1989).

**9.** *Cimarron Ins. Co. v. Croyle*, 479 N.W.2d 881 (S.D.1992) (when the plain language of the statute provides that excess coverage is not subject to the provisions of the state's statutes on financial responsibility, court held exclusion only valid up to the statutory minimum amounts required); *Estate of Neal v. Farmers Ins. Exch.*, 93 Nev. 348, 566 P.2d 81 (1977) (household exclusion viable beyond minimum security levels in light of statutory provision providing that every contract of liability insurance in the state includes the required minimum security for tort liabilities).

**10.** *See Meyer v. State Farm Mut. Auto. Ins. Co.*, 689 P.2d 585 (Colo.1984) (when the household exclusion clause has been invalidated because it violates the Act, the limit of the carrier's liability are those provided by the policy and not the lesser limits required by the statutory standard); *State Farm Mut. Auto. Ins. Co. v. Wagamon*, 541 A.2d 557, 561–62 (Del.1988) (rejects idea of limiting coverage to minimum amounts mandated by statute and reasons the exclusion is separable and "can be severed from the policy without rendering the remaining provisions unenforceable"); *Farmers Ins. Group v. Reed*, 109 Idaho 849, 712 P.2d 550, 552, 555 (1985) (completely invalidates exclusion and allows recovery for intrafamily actions up to the limits of the automobile liability insurance policy); *Kish v. Motor Club of America Ins. Co.*, 108 N.J.Super. 405, 261 A.2d 662, 666, *pet. denied*, 55 N.J. 595, 264 A.2d 68 (1970) (exclusion void and insurer not relieved from the full monetary limits of coverage stipulated in its policy); *Estep v. State Farm Mut. Auto. Ins. Co.*, 103 N.M. 105, 703 P.2d 882 (1985) (voids exclusion on public policy grounds and allows recovery at the stated limits of the policy and not the minimum limits required by law); *Hughes v. State Farm Mut. Auto Ins. Co.*, 236 N.W.2d 870, 885 (N.D.1975) (court voids exclusion completely and allows recovery for the amounts of coverage provided by the policy).

amounts.[11] We join those jurisdictions which reason that because the family member exclusion violates public policy, the provision is completely void.

The family member exclusion makes drivers uninsured for claims against them by their own family members, despite the statutorily mandated requirement that all drivers carry liability insurance to "to respond in damages for liability on account of accidents" and "ensure against potential losses which may arise out of the operation of the vehicle."[12] Thus, we hold that the family member exclusion is completely void because it conflicts with the Texas Motor Vehicle Safety–Responsibility Act as well as with the public policy underlying the Act.[13] Accordingly, we affirm the judgment of the court of appeals.

DOGGETT, GAMMAGE and SPECTOR, JJ., join in this opinion.

Concurring and dissenting opinion by CORNYN, J.

Dissenting opinion by ENOCH, J., joined by PHILLIPS, C.J., and GONZALEZ and HECHT, JJ.

CORNYN, Justice, concurring and dissenting.[1]

While I agree with the plurality that the family member exclusion ("exclusion") is invalid, I differ both as to the reason why, and, thus, the degree to which, this exclusion is invalid. The legislative mandate that every automobile operator carry liability insurance cannot be contravened, and the exclusion is unenforceable for that reason. As the basis under which I find this exclusion to be invalid is a statutorily-imposed minimum limit of automobile liability insurance, it follows that the exclusion should only be held invalid up to this statutory minimum. I would, therefore, hold that an insurer's liability is fixed at the minimum limits mandated by statute.

Because this exclusion has the effect of rendering an operator uninsured as to certain potential injured parties (i.e., family members), the plurality concludes that this exclusion violates both (1) public policy, as well as (2) the statutory requirement of minimum liability insurance. Respecting the second justification, however, honors the first as well because the legislative will as to the "public policy" in this area has been expressed by the statutorily-required minimum liability insurance requirement.[2] The source,

11. *See State Farm v. Sivey*, 404 Mich. 51, 272 N.W.2d 555 (1978); *Transamerica Ins. Co. v. Royle*, 202 Mont. 173, 656 P.2d 820 (1983); *State Farm Mut. Ins. Co. v. Schwartz*, 933 F.2d 848, 851–52 (10th Cir.1991); *State Farm Fire & Casualty Co. v. Jones*, 306 Or. 415, 759 P.2d 271 (1988); *Jordan v. Aetna Cas. & Surety Co.*, 264 S.C. 294, 214 S.E.2d 818 (1975); *Mutual of Enumclaw Ins. Co. v. Wiscomb*, 97 Wash.2d 203, 643 P.2d 441 (1982).

12. Under the dissent's analysis, one would be unable to acquire automobile liability coverage for injuries one family member causes another to the same extent as coverage obtainable against third parties. Hence, if a family purchased liability coverage with limits of $300,000, family members would not be protected for injuries caused to each other. Under the concurrence's analysis, one would be unfairly restricted in family member liability coverage to no more than the statutorily required minimum amount. Hence, if a family purchased liability coverage with limits of $300,000, family members would only be protected up to $20,000 for injuries caused to each other.

13. The dissent laments that this "court has not evaluated, nor does it have the resources to eval-

uate, this impact." 879 S.W.2d at 9 (Tex.1993) (Enoch, J., dissenting). Most, if not all, of this court's cases have an impact. However, this court has not refrained from deciding all of the other cases.

1. JUSTICE HIGHTOWER'S opinion is on behalf of a plurality of the court, only. Therefore, the views I express in this concurring and dissenting opinion determine the scope of the court's judgment: As a result, the family member exclusion is invalid only to the extent it conflicts with the Texas Safety Responsibility Act, Tex.Rev.Civ.Stat. Ann. art. 6701h § 1(10) (Vernon Supp.1993), that is, to the statutorily-imposed minimum limit of automobile liability insurance imposed by the Act.

2. In fact, the plurality's opinion does not identify any other public policy behind the Texas Safety Responsibility Act, except that injured parties should be compensated by requiring operators to carry a minimum amount of liability insurance. Holding the exclusion invalid to that minimum amount, then, advances the public policy identified and guarantees that family members are not excluded from the intended benefits of our compulsory insurance statute.

**6**

logic, and credibility of any *other* public policy to which the plurality ostensibly defers is questionable.

According to the plurality, the majority of jurisdictions with mandatory insurance laws have held family member exclusion clauses invalid because they are contrary to public policy. In this "majority," however, there is very little precise explanation as to what a general holding as "against public policy" means.[3]

The legislature has expressed the relevant public policy in this area, and in its judgment an operator of a motor vehicle must have liability insurance at a certain minimum level. The plurality points to no other public policy implicated. The legislature has not said that family members should receive greater coverage than other members of the public, yet by totally invalidating these exclusions and allowing recovery up to the total amount of the policy, the plurality is divining new public policy that has nothing to do with the compulsory insurance law of the state.[4] It is not for this court to evaluate the public policy implications of mandatory insurance coverage; the legislature has already done that.[5]

I would, therefore, hold these exclusions invalid because they conflict with Texas' compulsory liability insurance statute. I would declare them to be invalid only up to the minimum amount of mandated liability insurance.

ENOCH, Justice, dissenting.

With the stroke of a pen, the Court rips the family member exclusion endorsement out of every automobile liability insurance policy in this state. By this act, the Court creates contingent obligations for every insurance company which has a policy in force in this state, obligations for which these companies have neither assessed the risks nor charged and collected premiums. To do this, the Court asserts that a statute, enacted at a time when the common law of Texas did not recognize intra-family tort actions, dictates today, that an insurance policy provision which excludes coverage for intra-family tort liability is invalid and against public policy. I respectfully dissent.

The Court holds that Texas Personal Auto Policy Endorsement 575, the family member exclusion, is void because it conflicts with the Texas Motor Vehicle Safety–Responsibility Act ("the Act") which requires that all motor vehicles operated in the state have at least a minimum amount of liability insurance coverage. In coming to this conclusion, the Court fails to acknowledge that this statute came into effect in 1982, at a time when Texas common law prohibited tort actions between family members. The statute is completely silent about extending the protections of the act to family members. Not until this Court's decision in *Price v. Price,* 732 S.W.2d 316 (Tex.1987), did Texas permit lawsuits between spouses arising out of automobile accidents. Ignoring ten years of legal history, the Court jumps to the conclusion that the family member exclusion, promulgated in 1987 (no doubt prompted by this Court's

---

3. Only six of those jurisdictions specifically refuse to limit recovery to the minimum amounts required by statute. *Supra* 879 S.W.2d at 4 n. 10. On the other hand, at least seven jurisdictions declare such exclusions invalid only up to the statutory minimum. *Supra* 879 S.W.2d at 4 n. 8.

4. The plurality asserts that under my analysis: "one would be unfairly restricted in family member liability coverage to no more than the statutorily required minimum amount." *Supra* 879 S.W.2d at 5 n. 12. While that is true, the most important aspect of that statement is the fact that the legislature has expressed no public policy against such a result. The relevant public policy is reflected by the statutory minimum; a contract between insurer and insured to exclude coverage need only be declared invalid up to that minimum.

5. The dissent argues that this court cannot void a Board-approved exclusion or limitation on coverage, even if it violates legislatively-mandated coverage requirements. *Infra* 879 S.W.2d at 7 (Enoch, J., dissenting). Just as the legislature may not pass a law that conflicts with the constitution, a state agency may not adopt a regulation that conflicts with legislative mandates. The question is not *whether* the legislature could have overridden the exclusion after *Price v. Price,* 732 S.W.2d 316 (Tex.1987), but whether, *but for Price* (and our abolition of intra-family immunity in *Jilani* by and through *Jilani v. Jilani,* 767 S.W.2d 671, 673 (Tex.1988)) it had already done so. *Price* and *Jilani* removed the barrier of immunity to the realization of the legislature's intent that drivers be universally covered by liability insurance.

holding in *Price*), is in conflict with the statute and against public policy. To the contrary, the legal history firmly supports the conclusion that the promulgated rules of the Insurance Commission allowing the exclusion of family members from the mandatory liability insurance provisions are consistent with the purposes of the statute and are not in derogation of the public policy underlying the Act.

The Texas Motor Vehicle Safety–Responsibility Act requires persons to obtain at least the minimum required liability insurance in order to operate a motor vehicle in the state.[1] *See* Tex.Rec.Civ.Stat.Ann. art. 6701h, § 1A(a) (Vernon 1951 and Supp.1993). The Act seeks to assure that someone is financially responsible for each automobile on the road for any "potential losses which may arise out of the operation of that vehicle." *Id.* The question in this case is whether the family member exclusion is inconsistent with the stated policy in the statute that there be financial responsibility for the operation of a motor vehicle. The Court's answer to this question is troublesome in two respects.

## I.

The Court abrogates a contractual provision. Adopted in 1987, the family member exclusion provides that the insurer will "not provide Liability Coverage for you or any **family member** for bodily injury to you or any **family member**." *See* Texas Personal Auto Policy—Amendatory Endorsement 575; *see also* State Board of Insurance, 12 Tex. Reg. 1126 (1987) (noting that the new exclusion eliminates liability coverage afforded under a Texas Personal Auto Policy if the claimant is the spouse or other family member of the insured). This exclusion is a mandatory endorsement to the Texas Personal Auto Policy. *See* Tex.Ins.Code Ann. art. 5.06 (Vernon 1951 and Supp.1993) (noting that an "insurer may only use a form

adopted by the Board under this section in writing motor vehicle insurance ... in this State."). Regardless, the endorsement excluding family members is a contractual term. Of immediate concern is that invalidating the family member exclusion allows coverage for the insured's misfeasance without the insured having paid for the coverage. Of greater concern, however, is that absent constitutional infirmity of the statute, or clear violation of statutory authority by the Board, this Court should not abrogate the express provisions of the insurance contract. *See Boon v. Premier Ins. Co.*, 519 S.W.2d 703 (Tex.Civ.App.—Texarkana 1975, no writ). In this case there is no constitutional challenge to the Act, and it is surely questionable that a statute enacted in 1982, five years prior to this Court's decision in *Price*, and which was silent on intra-family tort liability, *clearly* dictates that the Board cannot promulgate a family exclusion for automobile liability insurance policies.[2]

## II.

The Court is ill equipped to evaluate public policy implications of mandatory insurance. The Texas Legislature and the State Board of Insurance are the proper fora to determine the public policy of Texas as it relates to automobile insurance coverage. And, the Board of Insurance's promulgation of the family member exclusion is entitled to weight. The legislature amended the Act in 1989 and 1991, after the family member exclusion was promulgated, and failed to address the family member exclusion. Since the legislature did not address the exclusion, the Texas Board of Insurance's promulgation of Endorsement 575 should be given great deference. *See Jones v. Houston Gen. Ins. Co.*, 736 S.W.2d 860, 863 (Tex.App.—Waco 1987, writ denied); *see also Direlco, Inc. v. Bullock*, 711 S.W.2d 360, 363 (Tex.App.—

---

1. The statute specifically provides that:

   On or after January 1, 1982, no motor vehicle may be operated in this State unless a policy of automobile liability insurance in at least the minimum amounts to provide evidence of financial responsibility under this Act is in effect to insure against potential losses which may arise out of the operation of that vehicle.

Tex.Rev.Civ.Stat.Ann. art. 6701h, § 1A(a) (Vernon Supp.1993).

2. Contrary to the concurring opinion's characterization of my dissent, my argument is not that this Court cannot void a Board exclusion or limitation. 879 S.W.2d at 5. Rather, it is that there is no "legislative mandate" requiring invalidation of the family member exclusion.

Austin 1986, writ ref'd n.r.e.) (an agency's statutory interpretation is deemed approved by the legislature where the legislature fails to amend a statute or disapprove an agency action subsequent to its interpretation). The family member exclusion is neither in conflict with the Act nor against the public policy of this state as expressed through the statute.

The Court relies, however, on language in *Dairyland* which purports to identify third parties as the intended beneficiaries of the Texas Motor Vehicle Safety–Responsibility Act. *Dairyland County Mut. Ins. v. Childress*, 650 S.W.2d 770, 773 (Tex.1983) (noting that the compulsory insurance requirements of the Texas motor vehicle safety laws imply that all potential claimants for damages resulting from automobile accidents are intended as beneficiaries of the statutorily required automobile liability coverage). However, that case did not address the effect of the family member exclusion which specifically denies coverage to an identifiable class of persons which the insurance was never intended to cover. The *Dairyland* case merely addressed Texas' motor vehicle safety laws in the context of whether a judgment creditor in an automobile liability case could sue the insurer for attorneys' fees under the insuring agreement. The coverage question was based upon a non-owner's endorsement for which the insured had specifically contracted. *Id.* at 772. *Dairyland* is inapplicable to this case.

Furthermore, the rationale in *Dairyland* does not apply to family member circumstances. First, where a family member is the adverse party, the insured does not have the same incentive to assist the insurer in its defense. This not only compounds defense costs, but compounds the difficulty of estimating the risk being insured.[3] Second, the family member, as part of the household, is in a position to know or inquire about insurance coverage. The household is in a position to know that the exclusion exists and to make other suitable insuring arrangements if they choose to do so. As an example, the household could be covered under the insured's group health or other first party medical insurance. Finally, automobile liability policies must include personal injury protection for a member of the insured's household, unless the insured rejects that coverage in writing. *See* Tex.Ins.Code Ann. art. 5.06–3(a).[4] Interestingly, by invalidating the family member exclusion in the insuring agreement, the Court allows Johnson to obtain coverage, neither contracted nor paid for, in addition to alternate coverage expressly provided for by another statute.[5]

It is inconceivable that the legislature intended to force consumers to purchase liability insurance to cover a judgment of a family member given that at the time the legislature enacted the Texas Motor Vehicle–Responsibility Act family members could not obtain a judgment for injuries caused by the negligent driving of another family member. While intra-family tort immunity was later abolished for automobile cases by judicial intervention, that in and of itself does not automatically adjudge the family member exclusion in an insurance policy to be invalid as against public policy. Nor does it mean that insurance companies must be forced to sell or

---

3. *See* Marjorie Maguire Schultz, *Reproductive Technology and Intent–Based Parenthood: An Opportunity for Gender Neutrality*, 1990 Wis.L.Rev. 297, 327 n. 80 (1990) (noting that with the demise of intra-family tort immunity more suits for tortious injury by parents have been successful).

4. Article 5.06–3 of the Insurance Code provides that:

   No automobile liability insurance policy, including insurance issued pursuant to an assigned risk plan established under authority of Section 35 of the Texas Motor Vehicle Safety–Responsibility Act, covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state unless personal injury protection coverage is provided or supplemen-

tal thereto. The coverage required by this article shall not be applicable if any insured named in the policy shall reject the coverage in writing; provided, unless the named insured thereafter requests such coverage in writing . . .

Tex.Ins.Code Ann. art. 5.06–3(a) (Vernon 1973 and Supp.1993).

5. The record does not indicate whether Johnson rejected the personal injury protection coverage. It would be a wry result if today's decision creates coverage for Johnson which was neither contracted nor paid for under a policy in which he specifically rejected alternate mandated coverage and thereby *reduced* his premium payment.

consumers must be forced to buy liability insurance to cover their family.

On a final note, the Court has not evaluated, nor does it have the resources to evaluate, the impact of this decision.[6] We should refrain from affecting the public policy of our state in this manner. Subject to constitutional review, the better policy is to allow the State Board of Insurance or the legislature, both with much greater resources, the wide latitude necessary to evaluate the social benefits and economic costs associated with a state wide, system wide change in mandated insurance coverage. *See Members Mut. Ins. Co. v. Cutaia,* 476 S.W.2d 278 (Tex.1972); *Ratcliff v. National County Mut. Fire Ins. Co.,* 735 S.W.2d 955, 958 (Tex.App.—Dallas 1987, writ dism'd w.o.j.).

### III.

Today, the Court abrogates an express contractual provision without fully evaluating the public policy implications. I cannot join the Court's opinion. I would reverse the judgment of the court of appeals and render that Mr. Johnson take nothing from National County Mutual Fire Insurance Company or Consumers County Mutual Insurance Company.

PHILLIPS, C.J., and GONZALEZ and HECHT, JJ., join in this dissenting opinion.

---

**6.** *See Stout v. Grand Prairie Indep. Sch. Dist.,* 733 S.W.2d 290, 294 (Tex.App.—Dallas 1987, writ ref'd n.r.e.), *cert. denied,* 485 U.S. 907, 108 S.Ct. 1082, 99 L.Ed.2d 241 (1988) (citing to *Sax v. Votteler,* 648 S.W.2d 661 (Tex.1983) and noting that the legislative purpose of the statute in *Sax,* which shortened the statute of limitations for a child to bring a medical malpractice action, was legitimate and had the purpose of regulating insurance rates for health care providers in order to prevent the sky-rocketing costs of medical care).

The majority acknowledges that the Florida Supreme Court has refrained from declaring family exclusions void. *See* 879 S.W.2d at 3 (citing to *Florida Farm v. Government Employees Ins. Co.,* 387 So.2d 932 (Fla.1980)). Instead, Florida has wisely chosen to allow the legislature to evaluate the implications of such a change, and we should do likewise. *See* Ch. 88–370, 1988 Fla. Laws 1906, 1924 (the legislature created a task force to evaluate how to lower insurance rates, to evaluate the cost impact of compulsory property damage liability insurance on the cost of collision coverage and compulsory bodily injury coverage on the cost of uninsured motorists coverage, and to examine and evaluate methods of effectively enforcing the state's mandatory insurance law); Robert A. Henderson & Patrick F. Maroney, *Review of Florida Legislation: Motor Vehicle Insurance Reform—Revisiting the Uninsured Driver,* 16 Fla.St.U.L.Rev. 789 (1988).