TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00233-CV






Texas Farmers Insurance Company, Appellant



v.



Charles T. Miller, Guardian of the Person and Estate of Karen L. Miller Eke, and


Stephen R. Lupton, Administrator of the Estate of Stephen D. Eke, Appellees







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-95-O979-C, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING






 This is an appeal brought by appellant Texas Farmers Insurance Company ("Farmers")
regarding the trial court's award of court costs and postjudgment interest to appellees Charles T. Miller,
Guardian of the Person and Estate of Karen L. Miller Eke, and Stephen R. Lupton, Administrator of the
Estate of Stephen D. Eke. We will affirm the trial court's judgment.


BACKGROUND


 The facts of this case are undisputed and have been stipulated. In July 1992, Stephen Eke,
his wife Karen Eke, and Karen's son Jack Rosson (Stephen Eke's stepson) were involved in a single car
accident that killed Stephen Eke, rendered Karen Eke a quadriplegic, and injured Jack Rosson. Stephen
Eke was the driver of the car and was insured by Farmers at the time of the accident. His insurance policy
has three provisions relevant to this appeal. First, the policy contains a declaration limiting Farmers' liability
to $25,000 per person and $50,000 per occurrence. Second, the policy contains a "Family Member
Exclusion" which excludes liability coverage for any member of the insured's family. Finally, the policy
contains a "Supplementary Payment" provision which provides as follows:


Supplementary Payment


In addition to our limit of liability, we will pay on behalf of a covered person:


3. Interest accruing after a judgment is entered in any suit we defend. Our duty to pay
interest ends when we offer to pay that part of the judgment which does not exceed
our limit of liability for this coverage.



 Before filing a suit against Stephen Eke's estate, Karen Eke offered to settle for policy
limits. Farmers refused her offer, asserting that the "Family Member Exclusion" in the policy relieved
Farmers of liability. (1) Thereafter, Karen Eke filed a negligence suit ("Negligence Suit") against her deceased
husband's estate. Farmers provided the defense for Stephen Eke's estate. During the pendency of the
Negligence Suit, the Texas Supreme Court issued its opinion in National County Mutual Fire Insurance
Company v. Johnson, 879 S.W.2d 1 (Tex. 1993), invalidating "Family Member Exclusions" up to the
minimum amount of statutorily mandated liability insurance. Johnson, 879 S.W.2d at 6. (2) Following that
decision, Farmers made two settlement offers. Both offers were to settle Karen Eke's and her son's claims
and both were conditioned upon a complete release in favor of Stephen Eke's estate. The first offer for
$40,000 was rejected by both Karen Eke and her son. The second offer was for $50,000. This offer was
accepted on behalf of Karen Eke's son, who received $25,000, but was rejected by Karen Eke.

 Karen Eke's claims against her husband's estate proceeded to trial. The jury found
Stephen Eke negligent and awarded Karen Eke $8,000,000 in damages. After calculating pre-judgment
interest on Karen Eke's damages, a final judgment was rendered on February 10, 1995 for $9,534,246.58
("Liability Judgment"). Following the Liability Judgment, Farmers again offered to settle with Karen Eke
for the remaining policy limits of $25,000 conditioned upon a complete release for Stephen Eke's estate. 
Karen Eke refused.

 On March 20, 1995, Farmers filed a declaratory judgment action to determine its liability
for Karen Eke's Liability Judgment. Before trial, Karen Eke purchased any cause of action Stephen Eke's
estate had against Farmers. Karen Eke subsequently amended her answer to Farmers' declaratory
judgment action and asserted the following counterclaims against Farmers: negligent failure to settle for
policy limits ("Stowers Claim"), DTPA (3) claims, violations of the Texas Insurance Code, (4) and finally breach
of the insurance contract between Farmers and the Ekes. On March 21, 1996, Farmers mailed a check
to Karen Eke's representatives for $20,000 without requesting a full release of claims against Stephen
Eke's estate. This was Farmers' first payment that was not conditioned on a full and complete release. 
Karen Eke returned the check uncashed and proceeded to a trial on the merits of her counterclaims against
Farmers. The trial court submitted all of the extra-contractual claims to the jury and retained for the court
the breach of contract claim. The jury returned a verdict in favor of Farmers on all the extra-contractual
claims. Pursuant to the jury verdict, a take-nothing judgment was ordered on Karen Eke's aforementioned
extra-contractual claims. However, on the insurance contract cause of action, the trial court ordered that
Farmers was liable to the representative of Karen Eke for the following: (1) "policy limits" of $20,000; (5)
(2) interest accruing from the Liability Judgment entered on February 10, 1995 totaling $2,201,314; and
(3) all costs expended on both the Negligence Suit against Stephen Eke's estate and the lawsuit against
Farmers. The final judgment ("Final Judgment") in this cause was rendered on March 4, 1997. Farmers
appeals the Final Judgment to this Court.


DISCUSSION


 In its first point of error, Farmers argues that the trial court erred in awarding the
representative of Karen Eke postjudgment interest accruing from the time the Liability Judgment was
rendered on February 10, 1995 to the time the Final Judgment was rendered on March 4, 1997, totaling
$2,201,314. Farmers contends that in accordance with the Supplementary Payment provision in Stephen
Eke's insurance policy, it discharged its contractual duty to pay postjudgment interest by repeatedly offering
policy limits to settle Karen Eke's claims against the executor of Stephen Eke's estate. In particular,
Farmers contends that its duty to pay postjudgment interest terminated either before or immediately
following the Liability Judgment, when it made various offers conditioned upon Karen Eke's complete
release of all claims against the executor of Stephen Eke's estate. Alternatively, Farmers argues that its
liability for postjudgment interest was, at the very latest, suspended when it unconditionally tendered
$20,000 to Karen Eke on March 20, 1996.

 We will first address the offers made before and immediately following the Liability
Judgment which were conditioned upon a release of all claims against the executor of Stephen Eke's estate. 
As to these offers, we must consider whether a conditional offer activates the clause in the Supplementary
Payment provision which suspends an insurance carrier's obligation to pay postjudgment interest. (6)

 Apparently, the standard clause suspending the insurance carrier's duty to pay
postjudgment interest (hereinafter the "escape clause") has changed. Previously, the standard
Supplementary Payment provision in an insurance policy provided that the insurance carrier would pay:


all interest accruing after entry of judgment until the company has paid, tendered or
deposited in court such part of such judgment as does not exceed the limit of the
company's liability thereon.



(Emphasis added). See Plasky v. Gulf Ins. Co., 335 S.W.2d 581 (Tex. 1960); see 15A Couch on
Insurance 2d § 56:37 et seq. (George J. Couch et al. eds. 1983); 1A The Law of Liability Insurance §
9.01 et seq. (Rowland H. Long et al. eds. 1991 & Commutative Supp.). In the present case, as stated,
the standard Supplementary Payment provision provides that the carrier will pay all interest accruing after
a judgment until


we offer to pay that part of the judgment which does not exceed our limit of liability for
this coverage.


(Emphasis added).



 Farmers argues that while a tender, as used in the old Supplementary Payment provision,
required an unconditional offer to pay, the term "offer," as used in the present Supplementary Payment
provision, allows the carrier some discretion and flexibility to ask for a release in exchange for policy limits. 
Farmers contends that, from a public policy standpoint, it is advantageous to permit a carrier to activate
the "escape clause" by making an offer conditioned upon a full and complete release of its insured. Farmers
states that since their primary obligation is to their insured, an offer conditioned upon a full and complete
release furthers the interest of their insured.

 While on the surface this argument appears compelling, a closer examination of the
Supplementary Payment provision shows that Farmers' argument must fail as contrary to public policy. 
The Supplementary Payment provision can be divided into two parts. The first part requires that the carrier
pay "interest accruing after a judgment is entered in any suit we defend." This part of the provision is
obviously meant to protect the insured. See Western Cas. and Sur. Co. v. Preis, 695 S.W.2d 579, 586
(Tex. App.--Corpus Christi 1985, writ ref'd n.r.e.) (making insurance company liable for interest protects
insured from liability for additional interest and/or costs incurred because of actions taken insurer); 15A
Couch on Insurance 2d § 56:39 at 55 n.17.

 However, the second part of the Supplementary Payment provision, the escape clause, is
obviously drafted for the benefit of the carrier. This is true because upon activation of the escape clause
the carrier escapes all liability for postjudgment interest and thrusts that obligation onto its insured. 
Therefore, if we were to allow the carrier to escape liability for postjudgment interest after having made a
conditional offer, which, as discussed below, must ultimately be rejected, then the burden of postjudgment
interest would fall entirely on the insured. This defeats both the purpose and the policy of the
Supplementary Payment provision. It would be unreasonable to think that a third party would ever release
its claims against an insured having a judgment in hand. See Plasky, 335 S.W.2d at 583-84; 1A The Law
of Liability Insurance § 9.01 at 93 (Cumulative Supp.). Therefore, we hold that an unconditional offer is
required to toll Farmers' liability for postjudgment interest. Since Farmers' offers were conditioned upon
Karen Eke's complete release of her $9,534,246.58 judgment against the executor of Stephen Eke's
estate, we hold that Farmers failed to suspend its obligation to pay postjudgment interest.

 In the alternative, Farmers argues that its unconditional offer of $20,000 made on March
20, 1996 was sufficient to suspend its liability for postjudgment interest under the escape clause. We
disagree. Although this offer was unconditional, it did not include any amount of interest that had accrued
on the Liability Judgment. See Home Indemnity v. Muncy, 449 S.W.2d 312, 316 (Tex. App.--Tyler
1969, no writ) (carrier tendered full policy limits but did not tender any portion of accrued interest, court
held carrier's obligation for interest on entire judgment did not terminate). We hold that Farmers' $20,000
unconditional offer was not sufficient to suspend Farmers' liability for postjudgment interest under the
escape clause and overrule Farmers' first point of error. (7)

 In its second point of error, Farmers argues that the trial court erred by awarding the
representative of Karen Eke court costs for the present case as well as court costs expended in the
underlying Negligence Suit. This argument is without merit. The Texas Uniform Declaratory Judgments
Act allows the trial court to award costs that are equitable and just. Tex. Civ. Prac. & Rem. Code Ann.
§ 37.009 (West 1986 & Supp.1997); Commissioners Court v. Agan, 940 S.W.2d 77, 81 (Tex. 1997). 
The decision to grant costs is within the trial court's sound discretion. Id. Karen Eke's representative
specifically pleaded court costs in the present declaratory judgment action and was awarded court costs
in the Negligence Suit pursuant to the Liability Judgment. Therefore, we hold that the trial court was well
within its discretion to award court costs for both the Negligence Suit and the present cause. We overrule
Farmers' second point of error.

 In a cross-point of error, Karen Eke's representative argues that the trial court erred in
awarding postjudgment interest only on the Final Judgment. Eke's representative argues that interest on
both the Final Judgment and the underlying Liability Judgment should continue to accrue until Farmers acts
effectively to toll the interest on the Liability Judgment and pay in full the Final Judgment. We disagree with
that proposition. Pursuant to Farmers' declaratory judgment action, the interest owed on the Liability
Judgment was converted to the Final Judgment. The trial court has declared that Farmers owes interest
totaling $2,221,314. Therefore, the only postjudgment interest now owed by Farmers is on that Final
Judgment. We decline to allow the accrual of postjudgment interest on two judgments at the same time. 
We overrule the cross-point of error.


CONCLUSION


 Having overruled both points of error raised by Farmers, as well as the cross point of error
raised by the representative of Karen Eke, we affirm the trial court's judgment.



 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: December 4, 1997

Do Not Publish
1. Prior to the Texas Supreme Court's decision in National County Mutual Fire Insurance Company
v. Johnson, 879 S.W.2d 1 (Tex. 1993), "family member exclusions" in insurance policies allowed
insurance companies to completely deny liability coverage for injuries sustained by family members of the
insured. 
2. The plurality of the Johnson Court held that such exclusions contravene the Texas Motor Vehicle
Safety-Responsibility Act and are thus void for public policy reasons, as well as violations of statutory
requirement of minimum liability insurance. See Johnson, 879 S.W.2d at 2. However, Justice Cornyn's
concurring and dissenting opinion, which formed the plurality, stated that such exclusions are void only
because they conflict with Texas' compulsory liability insurance statute. Therefore, Justice Cornyn stated
that such exclusions should be invalid only up to the minimum amount of mandated liability insurance. See
id. at 6 (Cornyn, J., concurring and dissenting). (emphasis added). The Supreme Court adopted Justice
Cornyn's position as that of the Court in the per curiam opinion in Liberty Mutual Fire Insurance
Company v. Sanford, 879 S.W.2d 9, 10 (Tex. 1994).
3. Tex. Bus. & Com. Code Ann. § 17.46 et seq. (West 1987 & Supp. 1997).
4. Tex. Ins. Code Ann. § 21.21 (West 1987 & Supp. 1997).
5. Given the plurality opinion in Johnson, the "family member exclusion" in Stephen Eke's insurance
policy was invalid up to the $20,000 minimum liability coverage mandated by statute at the time judgment
was rendered by the trial court. On appeal, the parties do not dispute that $20,000 is equivalent to "policy
limits" as enunciated in the Johnson opinion. 
6. Because the plain and unequivocal meaning of the Supplementary Payment provision specifically
applies to offers made "after a judgment" is rendered, we note without deciding that a strong argument
could be made that the offers made prior to the Liability Judgment had no effect on Farmers' duty to pay
postjudgment interest.
7. Because Farmers' first point of error only disputes whether Farmers discharged its liability to pay
postjudgment interest by making various offers to Karen Eke, we need not decide whether Farmers was
liable for interest attributable to its policy limits or interest on the entire Liability Judgment. Farmers argues
that the new language of the Supplementary Payment provision changed the carrier's liability under the old
Supplementary Payment provision which required the carrier to pay "all interest on the entire amount of
the judgment." See Plasky, 335 S.W.2d at 583-84 (emphasis added). Assuming without deciding the
validity of this argument, Farmers' argument still fails because it did not include any amount of interest in
its unconditional offer.



gment action and was awarded court costs
in the Negligence Suit pursuant to the Liability Judgment. Therefore, we hold that the trial court was well
within its discretion to award court costs for both the Negligence Suit and the present cause. We overrule
Farmers' second point of error.

 In a cross-point of error, Karen Eke's representative argues that the trial court erred in
awarding postjudgment interest only on the Final Judgment. Eke's representative argues that interest on
both the Final Judgment and the underlying Liability Judgment should continue to accrue until Farmers acts
effectively to toll the interest on the Liability Judgment and pay in full the Final Judgment. We disagree with
that proposition. Pursuant to Farmers' declaratory judgment action, the interest owed on the Liability
Judgment was converted to the Final Judgment. The trial court has declared that Farmers owes interest
totaling $2,221,314. Therefore, the only postjudgment interest now owed by Farmers is on that Final
Judgment. We decline to allow the accrual of postjudgment interest on two judgments at the same time. 
We overrule the cross-point of error.


CONCLUSION


 Having overruled both points of error raised by Farmers, as well as the cross point of error
raised by the representative of Karen Eke, we affirm the trial court's judgment.



 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: December 4, 1997

Do Not Publish
1. Prior to the Texas Supreme Court's decision in National County Mutual Fire Insurance Company
v. Johnson, 879 S.W.2d 1 (Tex. 1993), "family member exclusions" in insurance policies allowed
insurance companies to completely deny liability coverage for injuries sustained by family members of the
insured. 
2. The plurality of the Johnson Court held that such exclusions contravene the Texas Motor Vehicle
Safety-Responsibility Act and are thus void for public policy reasons, as well as violations of statutory
requirement of minimum liability insurance. See Johnson, 879 S.W.2d at 2. However, Justice Cornyn's
concurring and dissenting opinion, which formed the plurality, stated that such exclusions are void only
because they conflict with Texas' compulsory liability insurance statute. Therefore, Justice Cornyn stated
that such exclusions should be invalid only up to the minimum amount of mandated liability insurance. See
id. at 6 (Cornyn, J., concurring and dissenting). (emphasis added). The Supreme Court adopted Justice
Cornyn's position as that of the Court in the per curiam opinion in Liberty Mutual Fire Insurance
Company v. Sanford, 879 S.W.2d 9, 10 (Tex. 1994).
3. Tex. Bus. & Com. Code Ann. § 17.46 et seq. (West 1987 & Supp. 1997).
4. Tex. Ins. Code Ann. § 21.21 (West 1987 & Supp. 1997).
5. Given the plurality opinion in Johnson, the "family member exclusion" in Stephen Eke's insurance
policy was invalid up to the $20,000 minimum liability coverage mandated by statute at the time judgment
was rendered by the trial court. On appeal, the parties do not dispute that $20,000 is equivalent to "policy
limits" as enunciated in the Johnson opinion. 
6. Because the plain and unequivocal meaning of the Supplementary Payment provision specifically
applies to offers made "after a judgment" is rendered, we note without deciding that a strong argument
could be made that the offers made prior to the Liability Judgment had no effect on Farmers' duty to pay
postjudgment interest.
7. Because Farmers' first point of error only disputes whether Farmers discharged its liability to pay
postjudgment interest by making various offers to Karen Eke, we need not decide whether Farmers was
liable for interest attributable to its policy limits or interest on the entire Liability Judgment. Farmers argues
that the new language of the Supplementary Payment provis