ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 25, 2014

The Honorable Janna Ivey Lindig
Bandera County Attorney
Post Office Box 656
Bandera, Texas 78003

Opinion No. GA-1068

Re: Implementation of section 601.123 of the Transportation Code, concerning the establishment of financial responsibility by making a deposit with the county judge (RQ-1176-GA)

Dear Ms. Lindig:

You ask multiple questions about the establishment of financial responsibility under the Motor Vehicle Safety Responsibility Act (the "Act").[1] *See generally* TEX. TRANSP. CODE ANN. §§ 601.001–.454 (West 2011 & Supp. 2013). The purpose of the Act is to protect potential claimants from losses resulting from automobile accidents. *Nat'l Cnty. Mut. Fire Ins. Co. v. Johnson*, 879 S.W.2d 1, 2 (Tex. 1993). Toward that end, the Act generally prohibits a person from "operat[ing] a motor vehicle in this state unless financial responsibility is established for that vehicle through" one of five listed methods.[2] TEX. TRANSP. CODE ANN. § 601.051 (West 2011). You ask specific questions about the method in subsection 601.051(4), which authorizes the deposit of cash or a cashier's check with the county judge of the county in which the vehicle is registered pursuant to section 601.123 of the Transportation Code. *See* Request Letter at 1–2; TEX. TRANSP. CODE ANN. §§ 601.051(4), .123 (West 2011). Subsection 601.123(b) specifies that the cash or cashier's check deposited "must be made . . . in the amount of at least $55,000." TEX. TRANSP. CODE ANN. § 601.123(b) (West 2011).

Your first question is whether "an additional amount" beyond $55,000 must be deposited with the county judge "if the person has more than one vehicle registered in the county" or "if more than one person will be driving a vehicle." Request Letter at 2. The Act prohibits the

---

[1]*See* Letter from Honorable Janna Ivey Lindig, Bandera Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Dec. 20, 2013), http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]Financial responsibility for a vehicle may be may established through (1) a qualifying motor vehicle insurance policy; (2) a surety bond; (3) a deposit of $55,000 in cash or securities with the comptroller; (4) a deposit of "at least $55,000" in cash or cashier's check; or (5) self-insurance. TEX. TRANSP. CODE ANN. § 601.051 (West 2011).

operation of a motor vehicle in Texas "unless financial responsibility is established *for that vehicle*" through one of the methods specified in section 601.051. TEX. TRANSP. CODE ANN. § 601.051 (West 2011) (emphasis added). Furthermore, subsection 601.123(a) requires the deposit to be made where "*the* motor vehicle is registered," suggesting that a deposit applies to a specific vehicle. *Id.* § 601.123(a) (emphasis added). Thus, a separate deposit of at least $55,000 with the county judge is required to establish financial responsibility for each vehicle. Regarding multiple drivers, subsection 601.054(a) of the Act permits an owner of a vehicle to provide evidence of financial responsibility for another person only "if the other person is: (1) an operator employed by the owner; or (2) a member of the owner's immediate family or household." *Id.* § 601.054(a). Thus, the additional driver, if not a person identified by subsection 601.054(a), is independently responsible for establishing financial responsibility for the vehicle through one of the methods established by section 601.051.

Your second and third questions concern the account into which funds deposited with the county judge pursuant to section 601.123 should be placed. *See* Request Letter at 2. You ask whether the funds should "be deposited into a special account, . . . the registry of the court, or into another existing county account" and whether the account should be "an interest bearing account." *Id.* Section 601.123 does not specify where the county judge is to deposit cash received. The statute simply authorizes the county judge to accept the funds and to "issue . . . a certificate stating that a deposit complying with [section 601.123] has been made." TEX. TRANSP. CODE ANN. § 601.123(a), (c) (West 2011). Thus, we turn to Local Government Code provisions governing county finances for guidance.

Chapter 116 of the Local Government Code governs the county depository and "applies to money collected or held by a . . . county . . . officer." TEX. LOC. GOV'T CODE ANN. § 116.002(a) (West Supp. 2013). Any such funds "shall be deposited" into the county depository. *Id.* The county judge is a county officer. *See* TEX. CONST. art. V, § 24 (including "county judges" in a list of county officers that may be removed by district court judges). Thus, a county judge must deposit the money into the county depository. Chapter 116 is silent, however, regarding the particular depository account into which funds should be placed. Chapter 117 of the Local Government Code, relating to the deposit and management of court registry funds, specifies that funds held in legal custody by a county or district clerk "pending the result of a legal proceeding" are court registry funds that are to be deposited in "a special account in the name of the clerk making the deposit." TEX. LOC. GOV'T CODE ANN. § 117.052(a)–(b) (West 2008); *see also id.* § 117.001(3) (defining "registry funds"). The deposit made with a county judge to establish financial responsibility, however, is not a deposit "pending the result of a legal proceeding." *Id.* § 117.052(a)–(b). Moreover, chapter 117 is not applicable to funds held by county officials other than a county or district clerk. *See* Tex. Att'y Gen. Op. No. JC-0195 (2000) at 3 (discussing chapter 117 and concluding that it does not apply to certain cash bail bonds because they are not deposited in the court registry or held by the district or county clerk). Thus, the funds would not be deposited into the special account holding court registry funds. Finally, chapter 113 of the Local Government Code, governing the management of county money, specifies that "fees, commissions, funds and other money *belonging to a county*" must be turned over to the county treasurer by the person who collected the money, for placement in the county treasury account. TEX. LOC. GOV'T CODE ANN. § 113.021(a) (West Supp. 2013) (emphasis added); *see also id.* § 113.0001(4) (defining "treasury" as "money belonging to the

county held by the county treasurer"). Here, the funds belong to the person making the deposit with the county judge, not to the county, so chapter 113 is inapplicable. In the absence of any other statutory or regulatory guidance, a court could conclude that a county judge may deposit funds received pursuant to section 601.123 of the Transportation Code in a separate account in the county depository and use his or her discretion to decide whether that account should be an interest-bearing account. *See* Tex. Att'y Gen. Op. No. DM-282 (1994) at 4 (reaching the same conclusion when no statute or regulation governed whether a sheriff could place inmate funds into an interest-bearing account).

Your last question, premised on the county judge's placement of the funds received into an interest-bearing account, is whether the interest is owned by the person depositing the money with the judge or by the county and, if not the county's, whether the county may nonetheless "collect the administrative fee allowed by statute." Request Letter at 2. As a general rule, "'interest follows principal.'" *See Phillips v. Washington Legal Found.*, 524 U.S. 156, 165–66 (1998) (citation omitted); *Sellers v. Harris Cnty.*, 483 S.W.2d 242, 243 (Tex. 1972). Thus, the interest on funds deposited with the county judge pursuant to section 601.123 of the Transportation Code belongs to the person making the deposit. With regard to the collection of an administrative fee, a county may not charge a fee unless authorized by statute. Tex. Att'y Gen. Op. No. JC-0367 (2001) at 2 (concluding that express authority is required for the commissioners court to charge a fee and that implied authority is insufficient). We assume the administrative fee to which you refer derives from chapter 117 of the Local Government Code. *See* TEX. LOC. GOV'T. CODE ANN. § 117.055(a) (West 2008) (authorizing an administrative fee to "compensate the county for the accounting and administrative expenses incurred in handling" court registry funds). As we have already concluded, chapter 117 is inapplicable to funds held by a county judge. Thus, in the absence of other statutory authority, a county may not collect an administrative fee in connection with a deposit of funds made to a county judge under section 601.123 of the Transportation Code.

## S U M M A R Y

An additional deposit of at least $55,000 with the county judge is required to establish financial responsibility under section 601.123 of the Transportation Code for a second vehicle if financial responsibility for that vehicle has not otherwise been established through an authorized method.

The owner of a vehicle may provide evidence of financial responsibility for an additional driver only if the other person is employed by the owner or is a member of the owner's immediate family or household pursuant to section 601.054(a) of the Transportation Code.

In the absence of any other statutory or regulatory guidance, a court could conclude that a county judge may deposit funds received pursuant to section 601.123 of the Transportation Code into a separate account in the county depository and use his or her discretion to decide whether that account should be an interest-bearing account.

Interest earned on funds deposited with the county judge under section 601.123 of the Transportation Code belongs to the person making the deposit.

In the absence of statutory authority, a county may not collect an administrative fee in connection with a deposit of funds made to a county judge under section 601.123 of the Transportation Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee