**TRUCK INSURANCE EXCHANGE,**
**Appellant,**

**v.**

**Calvin N. MUSICK, Appellee.**

**No. 2–94–121–CV.**

Court of Appeals of Texas,
Fort Worth.

June 8, 1995.

Rehearing Overruled July 27, 1995.

Michael J. Catania, Bennett & Hall, Fort Worth, for appellant.

Carol Ann Carson, Rickey J. Brantley, Jose, Henry & Brantley, Fort Worth, for appellee.

Before ANNETTE STEWART and PAUL COLLEY, JJ. (Retired) (Sitting by Assignment).

## OPINION

STEWART, Justice (Retired).

The controlling issue before this court is the validity of the "fellow employee" exclusion in a standard form Texas Motor Vehicle liability policy. Appellant, Truck Insurance Exchange ("Truck") sought a declaratory judgment, contending that the fellow employee exclusion relieved it of any duty to defend appellee, Calvin Musick, in an underlying personal injury action. In three points of error, Truck asserts the trial court erred in holding the fellow employee exclusion partial-

ly unenforceable, in holding that Truck has a duty to defend Musick in the underlying personal injury suit, and in holding that Truck has an obligation to make payment under its policy. We reverse the trial court's judgment and render judgment for Truck.

### FACT SUMMARY

Musick purchased from Truck a Texas Business Auto Policy covering his 1984 Ford one-half ton pickup truck. The policy coverage period began November 30, 1988 and ended November 30, 1989. On February 24, 1989, Musick and Luis Melesio Quilo were both employed by J.D. Abrams, Inc. ("Abrams"), a construction company, when Musick accidentally backed his pickup truck over Quilo. Quilo died as a result of a traumatic head injury, and in December 1990, his family filed suit against Abrams and Musick, alleging that Musick's negligent operation of his vehicle caused Quilo's death. Truck and Musick stipulated that Musick and Quilo were both employees of Abrams and were both performing their job duties in the course and scope of their employment for Abrams at the time of the accident.

Musick requested coverage under the liability policy issued by Truck, but Truck denied coverage, citing the fellow employee exclusion within the policy. Truck then filed for declaratory relief, seeking a declaration that it was not under a duty to provide a defense to Musick in the underlying personal injury suit. The cause was submitted to the trial court on stipulated facts, the testimony of the medical examiner, and trial briefs.

The trial court rendered judgment for Musick and concluded that the "fellow employee" exclusion is partially unenforceable, that Truck has an obligation to provide a defense to Musick, and that Truck has an obligation to make payment under its policy.

■ At the outset, we note that declaratory judgments are reviewed under the same standards as other judgments and decrees. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 37.010 (Vernon 1986). The trial court's conclusion, being one of law, will be upheld on appeal if it can be sustained on any legal theory supported by the evidence. *In re W.E.R.*, 669

S.W.2d 716, 717 (Tex.1984). If reversal is warranted, we render judgment unless a remand is necessary for further proceedings. *See Lone Star Gas Co. v. Railroad Comm'n of Texas,* 767 S.W.2d 709, 710 (Tex.1989).

## POINT OF ERROR ONE

 In its first point of error, Truck complains that the trial court erred in holding that the "fellow employee" exclusion in the instant policy is partially unenforceable. Musick's policy contained the following provisions:

### A. COVERAGE

We will pay all sums an insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership; maintenance or use of a covered auto.

However, we have no duty to defend suits for bodily injury or property damage not covered by this Coverage Form....

### B. EXCLUSIONS

This insurance does not apply to any of the following:

5. FELLOW EMPLOYEE

Bodily injury to any fellow employee of the insured arising out of and in the course of the fellow employee's employment.

 If an insurance company seeks to invoke an exception or limitation to the insurance provided under the policy, Texas law requires stringent construction of any exception. *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 665 (Tex.1987) (citing *General American Indem. Co. v. Pepper,* 161 Tex. 263, 339 S.W.2d 660, 661 (Tex.1960)). It is well-established that if the language of an insurance policy is susceptible to more than one construction, the policy must be construed strictly against the insurer and in favor of the insured. *Barnett,* 723 S.W.2d at 666 (citing *Glover v. National Ins. Underwriters,* 545 S.W.2d 755, 761 (Tex.1977)). Any intent to exclude coverage must be expressed in clear and unambiguous language.

*National Union Fire Ins. Co. v. Hudson Energy Co.,* 811 S.W.2d 552, 555 (Tex.1991).

We conclude that the plain language of the exclusion expresses the insurer's intent clearly and unambiguously. The parties to the instant suit have stipulated that Musick and Quilo were fellow employees of Abrams and that the bodily injury suffered by Quilo arose out of and in the course and scope of his employment. Thus, under the plain language of the exclusion, Truck has no duty to provide coverage.

 Truck asserts the trial court apparently relied on *National County Mutual Fire Ins. Co. v. Johnson,* 879 S.W.2d 1 (Tex.1993) in holding the fellow employee exclusion partially unenforceable. In *Johnson,* the Texas Supreme Court considered whether the "family member" exclusion was invalid because it was inconsistent with the legislative purpose of ensuring that every motor vehicle is covered by an automobile liability policy to protect all claimants against losses arising out of the operation of the vehicle. *Id.* at 2. The Texas Supreme Court then held the family member exclusion invalid, stating:

> The exclusion prevents a specific class of innocent victims, those persons related to and living with the negligent driver, from receiving financial protection under an insurance policy.

*Id.* at 3.

Truck argues that, unlike the family member exclusion, which is inconsistent with state law requiring liability coverage, the fellow employee exclusion is specifically authorized by the Texas Motor Vehicle Safety Responsibility Act ("the Act"), which in relevant part, reads:

> (e) Such motor vehicle liability policy shall not insure:
>
> 1. Any obligation for which the insured or any company as his insurer may be held liable under any workmen's compensation law.

*See* TEX.REV.CIV.STAT.ANN. art. 6701h, § 21(e)(1) (Vernon 1977). Additionally, Truck argues that the policy reasons for holding the family member exclusion invalid are not present for the fellow employee exclusion because Quilo's family is not left with-

out a remedy as a result of this exclusion. The family can sue under the applicable workers' compensation laws.

Musick replies that section 21(e)(1) must be read in conjunction with the entire Act and its purpose. He maintains that the Legislature did not intend that Texas drivers could circumvent the mandatory insurance requirement by carrying worker's compensation insurance and that had the Legislature intended to make worker's compensation insurance an acceptable substitute for motor vehicle coverage, it would have seen fit to include such language in the Act.

Musick also relies on *Westchester Fire Ins. Co. v. Tucker,* 512 S.W.2d 679, 685 (Tex.1974) and *American Liberty Ins. Co. v. Ranzau,* 481 S.W.2d 793 (Tex.1972), where the Supreme Court held that exclusions contrary to the statute requiring mandatory insurance are ineffectual. He observes that the Supreme Court reaffirmed these holdings in *Johnson,* and he argues that under its rationale, the fellow employee exclusion is invalid because it conflicts with the provisions of the Act and with the public policy underlying the Act. *Johnson,* 879 S.W.2d at 5.

We agree with Truck. Musick's authorities all rely on the exclusion at issue being "contrary to" or "in conflict with" the statute, but, here, the fellow employee exclusion is consistent with the statute in this case if Musick or his insurer may be held liable under the applicable worker's compensation statute, TEX.REV.CIV.STAT.ANN. art. 8306 (Vernon 1989),[1] for Quilo's personal injury and/or death.[2]

The Worker's Compensation Act specifically provides that recovery of worker's compensation benefits is the exclusive remedy for personal injury sustained by an employee in the course of his employment and that the employee has no right of action against his employer or against an employee of his employer for damages for such personal injury. *See* TEX.REV.CIV.STAT.ANN. art. 8306, § 3 (Vernon 1989) (repealed);[3] *Aranda v. Insurance Co. of North Am.,* 748 S.W.2d 210, 214 (Tex.1988). The parties have stipulated that Musick and Quilo were fellow employees of Abrams and that Quilo was injured while performing job duties in the course and scope of his employment for Abrams. Under these facts, the Legislature has determined that the worker's compensation statute provides the exclusive means of redress to Quilo's family.

Further, by enacting section 21(e)(1), of the Texas Safety Responsibility Act, the Legislature's clear intent was to avoid conflict with the specific provisions of the Worker's Compensation Act and to leave the compensation scheme embodied in the latter act undisturbed. Hence, the fellow employee exclusion is not against public policy; it is an expression of it.

We hold the fellow employee exclusion is valid and enforceable. We sustain Truck's first point of error.

## POINTS OF ERROR TWO AND THREE

Truck complains next that, because the trial court erred in holding the "fellow employee" exclusion partially unenforceable, it committed additional error by requiring Truck to defend Musick in the underlying personal injury suit (point of error two) and to make payment under the policy should a judgment be rendered in the underlying suit (point of error three).

Our ruling on point of error one disposes of points two and three. Because we have ruled that the fellow employee exclusion is enforceable under our facts, Musick's motor vehicle policy does not provide coverage for

---

1. The citations in this opinion are to the version of the statute in effect at the time of Quilo's injury in February 1989. *See Harris v. Varo, Inc.,* 814 S.W.2d 520 (Tex.App.—Dallas 1991, no writ) (provisions of Worker's Compensation Act in effect at the time of injury determine rights and duties of the parties.)

2. Although the parties did not stipulate regarding whether Abrams and Musick were covered by worker's compensation insurance, both parties assume so in their briefs. Accordingly, for purposes of this opinion, we likewise assume that, under the facts of this case, section 21(e)(1) is applicable here.

3. *Repealed by* Act of December 13, 1989, 71st Leg., 2d C.S., ch. 1, 1989 Tex. Gen. Laws 114. (current version at TEX.LAB.CODE § 401.001 (Vernon Pamph.1995)).

the underlying personal injury suit. Consequently, Truck has no duty to defend Musick. *Fidelity & Guar. Ins. Underwriters v. McManus,* 633 S.W.2d 787, 788 (Tex.1982), and, the duty to pay under the policy never arises. We sustain points two and three.

We reverse the judgment of the trial court and we render judgment for Truck.

PAUL COLLEY, J. (Retired) (Sitting by Assignment), concurs without opinion.