COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-07-301-CV

 

 

ROBERT STANTON, AS                                                        APPELLANT

SUCCESSOR IN INTEREST TO

HOSPITALITY INNOVATORS,
INC.

 

                                                   V.

 

FORUM
ARLINGTON                                                               APPELLEE

PROPERTIES, LTD.

 

                                              ------------

 

            FROM THE 17TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








The trial court granted summary judgment for
Appellee Forum Arlington Properties, Ltd. (AForum
Arlington@) and found that Forum Arlington
had properly terminated a lease between it and Appellant Robert Stanton.  Stanton now appeals, arguing in one issue
that the trial court erred by granting summary judgment because a genuine issue
of material fact exists as to whether the lease was properly terminated.  Because we hold that the lease was properly
terminated, we affirm.

In July 1993, Hospitality Innovators, Inc.
("Hospitality") entered into a ten-year commercial lease with Forum,
Ltd., Forum Arlington=s predecessor.  The lease provided that Hospitality would use
the premises to operate a dance club.  An
amendment to the lease allowed Hospitality to renew for two successive five-year
terms.

Section fourteen of the lease required
Hospitality to maintain throughout the lease term an occurrence-based
comprehensive general liability (ACGL@)
insurance policy and to name landlord Forum, Ltd. as an additional
insured.  After the lease was executed,
Forum Arlington acquired the property and became the successor landlord under
the lease.








The Texas Secretary of State revoked Hospitality=s
charter in February 1998, and according to Stanton, he became the successor in
interest to the lease as Hospitality=s sole
stockholder.  In 2003, however, attorney
Michael Hassett (the attorney who represented Stanton in the trial court in
this case) notified Forum Arlington in writing that he represented Midnight
Country Club, Inc. (AMCC@), d/b/a
Desperado=s, the successor to Hospitality
with respect to the lease, and that his client was renewing the lease.  Stanton contended in the trial court that MCC
was a corporation he created to sublease from Hospitality and to operate
Desperado=s.

In 2005, Angelinaisela Aranda filed a lawsuit
against Desperado=s and Forum Arlington, alleging
that while she was at the club, she was injured by a security guard working
there.  After the lawsuit was filed,
Forum Arlington=s insurance carrier sent a
letter to Hospitality, noting that the lease required Hospitality to carry
insurance naming Forum Arlington as an additional insured and to indemnify
Forum Arlington.  The insurance carrier
requested Hospitality to defend and indemnify Forum Arlington with respect to
the Aranda lawsuit.  Several months
later, an attorney for Forum Arlington sent a letter to an attorney
representing Desperado=s, noting that he had previously
requested a copy of any insurance policy covering Desperado=s, that
the documents had not been provided, and that he understood that Desperado=s either
had not maintained an insurance policy or had failed to list Forum Arlington as
an additional insured.  Consequently,
Forum Arlington had filed a cross-action against MCC d/b/a Desperado=s for
breach of contract, contribution, and indemnity.  Subsequently, MCC filed for bankruptcy
protection, and on February 8, 2006, the lawsuit was removed from the trial
court=s active
docket.








On February 27, 2006, Stanton filed an original
suit against Forum Arlington; Forum, Ltd.; and Henry Real Estate Services,
L.L.C. seeking a declaratory judgment and to interplead funds.  He alleged that Forum Arlington had failed
and refused to comply with the lease terms in that it failed to provide gas
service, to light or stripe the parking areas, to provide electricity to the
property, and to maintain common areas in the shopping center.  He also alleged that he did not know who had
the right to receive rent payments because Forum, Ltd. was the original
landlord, but he believed that Forum Arlington may have purchased the property,
and Henry had directed Stanton to make rent payments directly to Henry.  Stanton asked the court to determine the true
landlord under the lease and to declare that the lease was still valid and in
full force and effect.








Forum Arlington filed an answer and counterclaim
asserting that it was the landlord under the lease and seeking among other
relief a declaration that the lease had terminated.  Forum Arlington subsequently filed a motion
for partial summary judgment, seeking a declaration that the lease had
terminated by reason of default because Stanton had failed to indemnify Forum
Arlington in the Aranda lawsuit and because he had failed to maintain a general
liability insurance policy and name Forum Arlington as an additional
insured.  In his response, Stanton
alleged that he had provided Forum Arlington with a certificate of insurance
naming Forum Arlington as an additional insured. Stanton attached to his
response a certificate of insurance showing an effective date of April 11,
2006.  Forum Arlington objected to this
evidence on relevancy grounds, arguing that the certificate was not relevant to
the issue of whether Stanton had maintained the required insurance policy at
the time of the events giving rise to the 2005 Aranda lawsuit.  The trial court sustained the objection,
striking the evidence.  After a hearing,
the trial court granted Forum Arlington=s
motion, and Stanton now appeals.








We review declaratory judgments under the same
standards as other judgments and decrees.[2]  Thus, we review a declaratory judgment
decided by summary judgment under the same standard of review by which we
review summary judgments generally.[3]  A plaintiff is entitled to summary judgment
on a cause of action if it conclusively proves all essential elements of the
claim.[4]  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.[5]

On appeal, Stanton argues that the trial court
erred by granting summary judgment on Forum Arlington=s
declaratory judgment action because a material fact issue exists as to whether
the lease was properly terminated.  We
first examine the lease to determine on what grounds Forum Arlington could
terminate the lease.  The construction of
an unambiguous lease is a question of law.[6]  Neither party contends that the lease is
ambiguous.  We therefore look at the
lease=s terms
as to termination, giving those terms their plain meaning unless doing so would
clearly defeat the parties=
intentions.[7]  In doing so, we are mindful of Texas law
holding that a landlord cannot forfeit a lease for a tenant=s
failure to comply with lease provisions without first making demand for
performance unless the lease contract contains a waiver of such demand.[8]








Section fourteen of the lease requires
Hospitality to maintain an occurrence-based CGL insurance policy, naming the
landlord as an additional insured.  The
section also requires Hospitality to provide to the landlord the originals of
the policy or duplicates of the originals. 
Section seventeen of the lease provides that it is an event of default
if Hospitality fails to comply with any provision of the lease and, after
notice, fails to cure or attempt to cure within fifteen days.  No particular form of notice is required,
although section twenty-seven requires any notice given under the lease to be
in writing.  Also under section
seventeen, upon an event of default, the landlord has the option to terminate
the lease by giving Hospitality twenty days=
notice.  Section seventeen also provides
that the landlord may take such action upon an event of default without first
providing any demand whatsoever.  Thus,
under the terms of the lease, it was an event of default if Hospitality failed
to maintain an appropriate insurance policy naming Forum Arlington as an
additional insured and provide originals or duplicates of those policies to
Forum Arlington and also failed to cure or begin to cure its failure within
fifteen days of notice of its noncompliance with the lease.  In the event of such default, Forum Arlington
could terminate the lease upon twenty days= notice
without first making any further demand to Hospitality that it come into
compliance or giving Hospitality further opportunity to cure.













We next determine whether Forum Arlington
established as a matter of law that it properly terminated the lease in
accordance with its terms.  The summary
judgment evidence shows that on May 20, 2005, the insurance carrier for Forum
Arlington sent a letter to Hospitality notifying it that under the lease,
Hospitality was required to indemnify Forum Arlington and to have named Forum
Arlington as an additional insured on an insurance policy covering the
premises.  The letter requested that
Hospitality defend and indemnify Forum Arlington in the Aranda lawsuit, and it
requested a response within two weeks. 
Then on August 8, 2005, an attorney for Forum Arlington sent a letter to
an attorney representing Desperado=s.  The letter stated that A[a]s you
are aware, we have previously requested a copy of any and all insurance
policies which cover your client, Desperado=s.  As of this date, we [have] not been provided
with any of those documents.@  The letter notes that the lease required
Desperado=s to maintain a policy of
liability insurance and to have listed Forum Arlington as an additional
insured.  The letter goes on to say that A[i]t is
my understanding that your client has either not maintained a policy of
insurance or has failed to list my client as an additional insured on such
policy.@  The letter notes that because of this
failure, Forum Arlington had filed a cross-action against Desperado=s in the
Aranda suit.  This letter clearly
notified Desperado=s attorney of Forum Arlington=s belief
that his client was not in compliance with the lease agreement.








Furthermore, in an affidavit filed with Stanton=s
response to the summary judgment motion, he stated that MCC was a corporation
he had formed to run two adjacent nightclubs on the leased premises.  Other evidence shows that one of those clubs was
Desperado=s.  During the existence of an attorney‑client
relationship, knowledge acquired by the attorney is imputed to the client.[9]  Furthermore, in the cross-action filed
against MCC in the Aranda lawsuit, Forum Arlington alleged that MCC Awas
required to maintain a policy of general liability insurance@ and
that MCC Abreached this contract.@  Thus, by at least August 2005, Stanton had
received written notice that he was not in compliance with the lease terms and
also that Forum Arlington was pursuing steps to assert its legal rights
resulting from the noncompliance.  If
this noncompliance continued for fifteen days without Stanton curing or
attempting to cure, then such noncompliance would constitute an event of
default under the lease, and Forum Arlington could terminate the lease by
giving twenty days= notice.  The evidence Stanton filed with his response
to the summary judgment motion shows that he did not obtain insurance until at
least April 2006.  Thus, he did not cure
his noncompliance within fifteen days of receiving notice.  Accordingly, Forum Arlington could thereafter
terminate the lease by providing twenty days= notice
that it was doing so.

On August 31, 2006, an attorney for Forum
Arlington sent Stanton a letter informing him that he was still in default and
giving him twenty days= notice to cure any
default.  The letter states that Stanton
and Forum Arlington had previously entered into a May 25, 2006 letter agreement
in which Stanton had agreed to provide proof that he had insurance coverage for
the leased premises.  The letter then
stated that Stanton had failed to do so. 
Although the letter could have been more clear, it did notify Stanton=s
attorney that Stanton was in violation of the lease and specifically noted that
the lease required Hospitality to maintain liability insurance naming Forum
Arlington as an additional insured and that Stanton had failed to provide proof
that he had such insurance despite previous requests and a letter agreement on
the subject.  The letter did not,
however, state that the lease would be terminated in twenty days.








On September 21, 2006, Forum Arlington=s
attorney sent a letter to Stanton stating that the lease had been terminated as
of September 19, 2006 due to Stanton=s
unremedied default under section fourteen. 
If the August 2006 letter was not sufficiently clear to constitute a
termination letter, the September letter did clearly give Stanton notice that
Forum Arlington was exercising its right to terminate the lease.  Thus, at the latest, the lease terminated twenty
days after the September 21, 2006 letter.

The summary judgment evidence demonstrates that
Stanton was required to maintain insurance on the premises naming Forum
Arlington as an additional insured and to provide the originals or copies of
such policy to Forum Arlington; that as early as 2005, Forum Arlington had
reason to believe that Stanton was not in compliance with his lease; that in
2005 Forum Arlington notified Stanton of its belief that he was not in
compliance with his lease; and that in 2006, Forum Arlington terminated the
lease for the noncompliance.  The
certificates of insurance that Stanton filed with his response did not
demonstrate that he had cured or had begun to cure his default within fifteen days
of receiving notice of his noncompliance in 2005.








Furthermore, although Stanton argued that the
lease could not have been terminated for failure to provide proof of insurance
because he had provided such proof to Forum Arlington, there was no competent
evidence that Stanton had ever demonstrated to Forum Arlington that he had
obtained insurance prior to Forum Arlington=s
exercise of its option to terminate the lease, despite Forum Arlington=s
statements to him that he was in violation of the lease and Forum Arlington=s
repeated requests that he provide proof of insurance.  At the latest, Forum Arlington notified
Stanton that it was terminating the lease on September 21, 2006, and Stanton
did not file his response to the summary judgment motion with the certificate
of insurance attached until November 14, 2006, more than twenty days after the
termination notice.  The only summary
judgment evidence that he had ever previously demonstrated to Forum Arlington
that he had insurance on the property was a statement in his affidavit that
certificates of liability insurance Ahave
been provided to Forum Arlington on more than one occasion.@  He did not state when he had provided proof
of insurance, and specifically, he did not assert that he had provided proof
before Forum Arlington notified him that the lease had been terminated.  His conclusory statement is not competent
evidence that he had provided proof of insurance to Forum Arlington before it
terminated the lease or that he timely cured or began to cure his
noncompliance.[10]








Stanton further argues that the reason Forum
Arlington gave him for terminating the lease and the ground asserted by Forum
Arlington in its motion for summary judgment were that he had failed to provide
proof of insurance, but that Forum Arlington=s reply
in support of the motion asserted for the first time that the issue was his
failure to maintain insurance. 
Specifically, he contended that in its reply, Forum Arlington changed
the issue to whether Forum Arlington could properly terminate the lease for
Stanton=s
failure in 2006 to provide proof that he had maintained insurance in 2003.  He contends that by waiting until 2006 to
provide notice of default with respect to 2003, Forum Arlington made it
impossible for him to cure the default and that such failure could not be the
basis for termination of the lease.

Forum Arlington=s motion
alleged that Stanton had breached the lease by failing to maintain
insurance.  And when Forum Arlington
requested Hospitality and Stanton to provide proof of insurance, it was
contending that Stanton had failed to maintain insurance and was asking him to
demonstrate, by providing proof of insurance, that he was not in default.  Furthermore, even if we were to interpret
Forum Arlington=s summary judgment motion as
asserting as the ground for termination merely that Stanton had failed to
provide proof of insurance rather than that he had failed to maintain
insurance, as stated above, there was sufficient evidence that Stanton had
failed to provide such proof and no competent evidence that Stanton provided
proof to Forum Arlington before it terminated the lease.








Because Stanton caused an event of default by failing
to maintain insurance and to provide the originals or copies of an insurance
policy to Forum Arlington and by failing to cure this noncompliance within
fifteen days of being notified of the matter, and because Forum Arlington
complied with its obligation under the lease to provide twenty days= notice
before terminating the lease, we hold that the trial court did not err by
concluding as a matter of law that Forum Arlington had properly terminated the
lease.  Accordingly, we overrule Stanton=s issue.

Having overruled Stanton=s sole
issue, we affirm the judgment of the trial court.

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL:  CAYCE, C.J.; DAUPHINOT
and MCCOY, JJ.

DELIVERED: April 23, 2009











[1]See Tex. R. App. P. 47.4.





[2]Tex. Civ. Prac. &
Rem. Code Ann. ' 37.010 (Vernon 2008); Truck
Ins. Exch. v. Musick, 902 S.W.2d 68, 69 (Tex. App.CFort Worth 1995, writ
denied).





[3]Tex. Civ. Prac. &
Rem. Code Ann. ' 37.010; Bowers v.
Taylor, 263 S.W.3d 260, 264 (Tex. App.CHouston [1st Dist.] 2007, no pet.).





[4]See Tex. R. Civ. P. 166a(a),
(c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).





[5]IHS Cedars Treatment Ctr.
of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).





[6]Anadarko Petroleum Corp.
v. Thompson,
94 S.W.3d 550, 554 (Tex. 2002).





[7]Id.





[8]Wendlandt v. Sommers Drug
Stores Co.,
551 S.W.2d 488, 490 (Tex. Civ. App.CAustin 1977, no writ).





[9]Am. Flood Research, Inc.
v. Jones,
192 S.W.3d 581, 584 (Tex. 2006).





[10]See Ryland Group, Inc. v.
Hood,
924 S.W.2d 120, 122 (Tex. 1996) (AConclusory affidavits are not enough to raise
fact issues.@); Residential
Dynamics, LLC v. Loveless, 186 S.W.3d 192, 198 (Tex. App.CFort Worth 2006, no pet.)
(AA conclusory statement is
one that does not provide the underlying facts to support the conclusion.@).